the trial judge saw and heard the witnesses and was in a superior position to determine their credibility and the weight to be afforded their testimony. The trial court held that the presumption of donative intent was not overcome by clear and convincing evidence. The record supports the conclusion that the joint accounts were understandably created for the purpose of making gifts to Adeline Foreman.

■■ We reject the administrator's argument that the claim for funeral and monument expenses should have been disallowed. Section 192 of the Probate Act provides for the filing of claims against the estate. (Ill. Rev. Stat. 1973, ch. 3, par. 192.) Section 202 provides that funeral expenses (which include monuments) are a "1st" claim against the estate. (Ill. Rev. Stat. 1973, ch. 3, par. 202.) The administrator's argument that the claim was not notarized as required by statute was not raised in trial court and is therefore waived. The record shows that Adeline Foreman received a lump sum benefit of $255 from the Social Security Administration as a result of her payment of the funeral bill. We assume that the money paid to her will be set off against her claim.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. TERRANCE MOORE, Petitioner-Appellant.

(No. 60884; ■■■■■■■■■

First District (5th Division)—May 23, 1975.

*Supplemental opinion upon denial of rehearing September 12, 1975.*

528

PER CURIAM.

Paul Bradley and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Robert Handlesman, Assistant State's Attorneys, of counsel), for the People.

JOHN O'CONNOR, as Trustee, Plaintiff-Appellee, *v.* THE VILLAGE OF PALOS PARK, Defendant-Appellant.

(No. 58995;

First District (2nd Division)—August 5, 1975.